UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| NURAH RAHMAN, | ) CASE NO. 1:07 CV 2806 |
| Plaintiffs, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| NOVAK ROBENALT & PAVLIK, L.L.P., | ) MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) |

On September 17, 2007, plaintiff _pro se_ Nurah Rahman filed this _in forma pauperis_ action against Novak Robenalt & Pavlik, L.L.P. The thrust of the complaint is that plaintiff is dissatisfied with the quality of the representation provided by defendant in a civil case in the Ohio Court of Common Pleas. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e), and plaintiff is enjoined from filing any new lawsuits or other documents in this court without seeking and obtaining leave to do so. Further, the Clerk is instructed not to accept or file any further documents in this action.

Although _pro se_ pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Even liberally construed, the complaint does not contain

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

...

allegations reasonably suggesting plaintiff might have a valid federal claim. See, Lillard v. Shelby County Bd. of Educ,, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). This action must therefore be dismissed.

The court takes judicial notice of its own records in observing that this is at least the eighth frivolous lawsuit filed by plaintiff in this court.[2] Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. §

---

[2] The previous lawsuits filed by Rahman and summarily dismissed in this court are: 1:07 CV 2805, 1:05 CV 2040, 1:05 CV 1057, 1:05 CV 1055, 1:05 CV 1052, 1:05 CV 794, and 1:05 CV 0004.

1651(a)(citations omitted)).³

Plaintiff has established a pattern of filing complaints in this court which are patently frivolous and vexatious, and which abuse the judicial process. Accordingly, Nurah Rahman is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with the following:

> 1. She must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document she proposes to file and she must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any motion seeking such leave, she must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by her in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, she must identify and list: (a) the full caption of each and every suit which has been previously filed by her or on her behalf in any court against each and every defendant in any new suit she wishes to file, and (b) the full caption of each and every suit which she has currently pending.
>
> 4. As a third exhibit to the motion, she must provide a copy of each complaint identified and

---

³ Other circuits have endorsed enjoining these types of filers. See, Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir.1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).

        listed in accordance with the foregoing paragraph
3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which she may be punished accordingly.

Further, to prevent further harassment of the court by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Rahman prior to her obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, CIS forms, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Rahman files, unless and until leave is granted.

Accordingly, plaintiff's request to proceed <u>in forma pauperis</u> is granted and this action is dismissed pursuant to 28

U.S.C. § 1915(e). Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

*/s/ Donald C. Nugent 11/20/07*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE